### BELFER v. DIEDRICK.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

APPEAL AND ERROR (§ 1177*)—REVERSAL—NEW TRIAL.

Judgment for conversion will be reversed, and a new trial ordered, instead of the recovery being reduced; any right of plaintiff to the articles having been acquired solely by his purchase of the premises from which they were removed, and the bulk of them having been removed before plaintiff's purchase of the premises, and it not appearing whether the other articles, two or three doors, removed after plaintiff's purchase, were affixed, so as to become part of the realty

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from Municipal Court of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Samuel J. Belfer against August Diedrick. From a judgment for plaintiff, after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and BURR, JJ.

S. Livingston Samuels, for appellant.

Julius S. Belfer, for respondent.

HIRSCHBERG, P. J.   The plaintiff has recovered a judgment for the sum of $33.60, with costs and disbursements, for the conversion of certain articles removed by the defendant from certain premises in the borough of Brooklyn, which premises were purchased by the plaintiff on the 3d day of July, 1908.   The plaintiff's rights, if any, were acquired solely by the purchase of the real estate.   The defendant was employed by a former owner of the property to do carpenter and plumbing work, which work was suspended by order of his employer, and the articles in question were thereupon removed by the defendant; he not having been paid for them.   As to the bulk of the articles, the evidence is clear and undisputed that they were removed some months before the purchase of the property by the plaintiff.   These articles consist of certain bathroom and water-closet fixtures.   There is some evidence that three doors, which were also removed, were in the building at the time of its purchase; but it does not appear whether they were affixed at that time, so as to constitute a part of the realty.   In the circumstances, it would seem just to require a new trial, rather than to reduce the recovery to the insignificant value of the doors.   The plaintiff could recover only upon the theory that he was either the owner, or in possession, of the property removed, and, as neither fact clearly appears, there must be a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.